**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| AUTOMOTIVE SERVICE ASSOCIATION OF NEW JERSEY, INC., d/b/a AASP/NJ, : Plaintiff, : v. : ROCKLAND EXPOSITION, INC., et al., : Defendants. | CIVIL ACTION NO. 08-3186 (MLC) **MEMORANDUM OPINION** |

**COOPER**, **District Judge**

Plaintiff, Automotive Service Association of New Jersey, Inc., d/b/a AASP/NJ ("AASP/NJ"), brought this action against Rockland Exposition, Inc. ("Rockland") and David McCarey, III ("McCarey," and together with Rockland, "defendants") ("New Jersey Action"). (Dkt. entry no. 6, Am. Compl. at 1.) AASP/NJ alleges defendants used its trademark without authorization, and asserts claims against defendants for, inter alia, (1) false designation of origin, (2) dilution, (3) unfair competition, (4) tortious interference, and (5) an accounting. (Id. at 7-13.) Defendants now move, inter alia, to transfer the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § ("Section") 1404. (Dkt. entry no. 10, Defs. Mot.) AASP/NJ cross-moves, inter alia, to enjoin defendants from prosecuting their separate action in the Southern

District of New York.  (Dkt. entry no. 22, Cross-Mot.)  The Court determines the motion and cross motion on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, the Court will (1) grant the part of the defendants' motion seeking to transfer venue to the United States District Court for the Southern District of New York, (2) deny the remaining parts of the defendants' motion without prejudice, (3) deny AASP/NJ's cross motion, and (4) transfer the action to the Southern District of New York.

### BACKGROUND

AASP/NJ, a New Jersey corporation, is a trade organization of independent automotive collision and repair businesses.  (Am. Compl. at 1.)  Rockland is a New York corporation, and McCarey, Rockland's President, is a New York citizen.  (Dkt. entry no. 10, Defs. Br. at 1, 5.)  Beginning in 1978, AASP/NJ sponsored an annual trade show for automotive collision and mechanical repair professionals.  (Am. Compl. at 2.)  From 1978 through 1989, the trade show was held in New Jersey.  (Id. at 2-3.)  In or around 1990, AASP/NJ contracted with Rockland to manage the trade show.  (Id. at 3; Defs. Br. at 8.)  From 1990 through 2008 Rockland managed and AASP/NJ sponsored the trade show, which, during that time period, was held in Suffern, New York.  (Am. Compl. at 3-4; Defs. Br. at 8, 13.)  The 1989 and 1990 trade shows were entitled "Auto Congress and Trade Show."  (Defs. Br. at 8-10.)  In 1991

2

the trade show was renamed as the "Northeast Regional Autobody/Automotive Trade Show," and it was known by this name through the 2008 trade show. (Id. at 10, 13.) After the 2008 trade show, AASP/NJ and Rockland discontinued their relationship. (Id. at 13-14; Am. Compl. at 4.) AASP/NJ and Rockland each decided to hold an automotive trade show on the same weekend in 2009, AASP/NJ's in New Jersey and Rockland's in New York. (Defs. Br. at 15; Am. Compl. at 5.) Both AASP/NJ and Rockland use "Northeast" in publicizing their trade shows, and both claim to own a trademark in "Northeast." (Defs. Br. at 7, 16; Am. Compl. at 5, 7.)

Defendants' counsel, on June 9, 2008, sent a letter to AASP/NJ's counsel outlining defendants' claims against AASP/NJ and the relief sought ("6-9-08 Letter"). (Dkt. entry no. 10, Philip Furgang Affirmation, Ex. C, 6-9-08 Letter.) Defendants' counsel also informed AASP/NJ's counsel that unless word was received from AASP/NJ, defendants would initiate litigation. (Id.) Defendants' counsel specifically stated that it would pursue causes of action for "trademark infringement, copyright infringement, theft of trade secrets, tortious interference with contractual relations, tortious interference with business relations, and breach of contract," and that, unless the matter is immediately resolved, the action will be brought in the United States District Court for the Southern District of New York on

July 7, 2008.  (Id.)  Plaintiff's counsel, newly retained, responded to the 6-9-08 Letter on June 25, 2008 ("6-25-08 Letter").  (Id., Ex. D, 6-25-08 Letter.)  The 6-25-08 Letter stated

> I have recently been retained by the Association of Automotive Service Providers of New Jersey in connection with your client's claims set forth in your letter of June 9, 2008 to Mr. Mackevich.  I am in the process of reviewing your letter and gathering the appropriate facts from my client.  I expect to be able to provide a response to your letter in a couple of days.

(Id.)  The next day, June 26, 2008, AASP/NJ filed a fourteen page complaint in the United States District Court for the District of New Jersey based on the disputed "Northeast" trademark and advertising for the 2009 trade show.  (Dkt. entry no. 1, Compl.) The causes of action in AASP/NJ's complaint were similar to those defendants listed in the 6-9-08 Letter.  (See id. at 7-11; Philip Furgang Affirmation, Ex. C, 6-9-08 Letter.)  Defendants brought their action in the Southern District of New York on August 8, 2008 ("New York Action").  (Philip Furgang Affirmation, Ex. F, New York Compl.)

Defendants move, inter alia, to transfer the action to the Southern District of New York.  (Defs. Br. at 2.)  Defendants argue, inter alia, that the Southern District of New York is the proper venue, and Section 1404(a) dictates that this action be transferred.  (Id. at 18-20.)  AASP/NJ opposes the motion and

4

argues, <u>inter</u> <u>alia</u>, that the District of New Jersey is a more convenient venue.  (Dkt. entry no. 20, AASP/NJ Br. at 10-12.)

**DISCUSSION**

## I.    Applicable Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).  To transfer an action under Section 1404(a), venue must be proper both in the transferor court and the transferee court.  <u>Osteotech, Inc. v. GenSci Regeneration Scis., Inc.</u>, 6 F.Supp.2d 349, 357 (D.N.J. 1998). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one.  <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995).  "[T]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  <u>Rappoport v. Steven Spielberg, Inc.</u>, 16 F.Supp.2d 481, 498 (D.N.J. 1998) (quotation and citations omitted).

A court balances private and public interests when deciding whether to transfer venue.  <u>Jumara</u>, 55 F.3d at 879.  Private interests include a plaintiff's choice of forum, a defendant's preference, convenience of the parties as indicated by their

5

physical and financial condition, convenience of witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent they could not be produced in alternative fora.  Id.; Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).  A court also considers public interests in its Section 1404(a) analysis, including enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law.  Jumara, 55 F.3d at 879-80; Yocham, 565 F.Supp.2d at 557.

The Third Circuit Court of Appeals has adopted the first-filed rule, which states that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."  EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988) (quotation and citation omitted), judgment aff'd by 493 U.S. 182 (1990).  Under this rule, a district court may enjoin "the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court."  Id.; see also Maertin v. Armstrong World Indus., Inc., 241 F.Supp.2d 434, 453 (D.N.J. 2002).  The first-filed rule, however, is not rigidly applied, and a court may deviate from the

6

rule to achieve an equitable result.  See Univ. of Pa., 850 F.2d at 976-77; Maertin, 241 F.Supp.2d at 453.  Rare or extraordinary circumstances, inequitable conduct, bad faith, and forum shopping are proper bases upon which a court may decline to apply the first-filed rule.  Univ. of Pa., 850 F.2d at 972, 976.  Other exceptions to the first-filed rule include where the second-filed action is further developed than the initial action, and where the first-filing party initiated an action in anticipation of the other party's imminent suit in a different and less favorable forum.  See id. at 976; One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc., 987 F.Supp. 317, 328 (D.N.J. 1997).

**II.  Application of Legal Standards**

Defendants assert that venue should be transferred under Section 1404.  (Defs. Br. at 18.)  Defendants also argue that the first-filed rule should not apply because AASP/NJ's commencement of the New Jersey Action constitutes an anticipatory filing and forum shopping.  (Id. at 19-20; dkt. entry no. 25, Defs. Reply Br. at 3-6.)  Further, defendants argue that the New York Action is more developed than the New Jersey Action.  (Defs. Reply Br. at 6-7.)  In response, AASP/NJ asserts that no exception to the first-filed rule applies to the New Jersey Action.  (AASP/NJ Br. at 10-12.)  This Court finds that transfer of venue is proper since the Southern District of New York is a more convenient forum, and the first-filed rule does not apply to this action.

The Court must weigh various interests in determining whether transferring venue is in the interest of justice. See Jumara, 55 F.3d at 879. Here, the interests favor transfer of venue to the Southern District of New York. Both the New Jersey Action and the New York Action relate to an automotive trade show, which, for the past twenty years, has taken place in New York. (See Am. Compl. at 2-6; Defs. Br. at 8-13; Philip Furgang Affirmation, Ex. F, New York Compl.) See Jumara, 55 F.3d at 879 (listing place where claim arose as a factor to be considered). The parties entered into several contracts governing their relationship and responsibilities with respect to the trade shows, and those contracts were created in New York and were governed by New York law. (See Defs. Br. at 8-13; dkt. entry no. 10, David McCarey Affirmation, Ex. I, 2004 Contract.) Further, it appears this Court cannot assert personal jurisdiction over McCarey since AASP/NJ does not make specific jurisdictional allegations against him. (See Am. Compl.) See MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A., 65 Fed.Appx. 844, 850 (3d Cir. 2003) ("Jurisdiction over ... [individual] defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in a particular forum. Rather, each defendant's contacts with the forum state must be assessed individually." (alteration in original) (quotations and citations omitted)).

The New York Action includes a breach of contract claim not present in the New Jersey Action.  (See Am. Compl.; Philip Furgang Affirmation, Ex. F, New York Compl.)  Even if this Court did not transfer venue, the breach of contract claim in the New York Action would likely proceed, thus resulting in two proceedings involving the same parties.  (See dkt. entry no. 28, 10-30-08 Letter, Ex. A, 10-28-08 Hr'g Tr. in New York Action at 23-24; dkt. entry no. 27, 10-29-08 Letter, Ex. 1, 10-28-08 Order in New York Action (staying all claims other than the breach of contract claim).)  See Osteotech, Inc., 6 F.Supp.2d at 359 (recognizing that California action contained claims not present in New Jersey action and determining that preservation of judicial resources factor favored transfer of venue).  Thus, the most convenient forum for this action is the Southern District of New York, and the interests of justice favor a transfer of venue.

The Court will not apply the first-filed rule in this action because compelling circumstances, namely AASP/NJ's anticipatory filing and the further development of the New York Action, warrant such a departure.  Here, defendants informed AASP/NJ in detail about their intention to bring an action in the Southern District of New York, including the date on which they intended to file their complaint.  (See Philip Furgang Affirmation, Ex. C, 6-9-08 Letter.)  Defendants did not bring their action immediately in an attempt to resolve the conflict without

9

litigation. (See id. (giving AASP/NJ time to respond to the 6-9-08 Letter before initiating litigation).) AASP/NJ replied by indicating that it needed more time to respond to defendants' letter, and then promptly bringing the New Jersey Action the next day. (See Philip Furgang Affirmation, Ex. D, 6-25-08 Letter; Compl.)

The Court finds that AASP/NJ's filing of the complaint in the New Jersey Action one day after informing defendants that it needed more time to respond to defendants' planned litigation constitutes an anticipatory filing. See Dorman Prods., Inc. v. Pontiac Coil, Inc., No. 06-3157, 2006 WL 2927307, at *2 (E.D. Pa. Oct. 10, 2006) (applying anticipatory filing exception to first-filed rule where party brought initial action two days after receiving opponent's draft complaint and notice of its intention to file draft complaint in Michigan); see also Univ. of Pa., 850 F.2d at 977-79 (affirming district court's decision not to apply first-filed rule where party brought initial action three days before the date on which opponent indicated it would bring judicial enforcement proceeding); One World Botanicals, 987 F.Supp. at 321, 329-30 (declining to apply first-filed rule where party brought initial action in Florida approximately three weeks after requesting more time to respond to opponent's demand letter). Thus, based on AASP/NJ's anticipatory filing and its

misrepresentations to defendants, the Court will not apply the first-filed rule.

The New York Action's further development also warrants departure from the first-filed rule.  See Univ. of Pa., 850 F.2d at 976 (recognizing further development of second-filed action as reason to depart from first-filed rule).  Here, the parties have already participated in an oral argument in the New York Action. (See 10-30-08 Letter, Ex. A, 10-28-08 Hr'g Tr. in New York Action.)  Further, United States District Judge Karas, the presiding judge in the New York Action, has already denied a motion for a preliminary injunction and a motion to dismiss or transfer the New York Action to the District of New Jersey.  (See 10-29-08 Letter, Ex. 1, 10-28-08 Order in New York Action.) Thus, the New York Action is further developed than the New Jersey Action, and the Court will not apply the first-filed rule. See Univ. of Pa., 850 F.2d at 976; One World Botanicals, 987 F.Supp. at 329 (emphasizing that proceedings in second action were further developed than those in the first action in declining to apply the first-filed rule).

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the part of the defendants' motion seeking to transfer the action to the Southern District of New York, (2) deny the remaining parts of the defendants' motion, (3) deny AASP/NJ's cross motion, and

(4) transfer the action to the Southern District of New York.

The Court will issue an appropriate order.

```
                                    s/ Mary L. Cooper
                                  MARY L. COOPER
                                  United States District Judge
```

Dated:    December 12, 2008